IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARTH RESEARCH LABS, LLC, an Oklahoma limited liability company and RODNEY ALEXANDER TOPKOV, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>STATE OF OKLAHOMA, ex rel. ALLAN GRUBB, DISTRICT ATTORNEY IN AND FOR LINCOLN COUNTY, <br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) Case No. CIV-23-520-SLP ) ) ) ) ) ) ) |

# **O R D E R**

Before the Court is Plaintiffs' Motion to Remand and Brief in Support [Doc. No. 9]. The matter is at issue. *See* Def's. Response [Doc. No. 12] and Pls.' Reply [Doc. No. 13]. For the reasons that follow, Plaintiffs' Motion is GRANTED.

**I.　Background**

Plaintiffs initiated this action in the District Court of Lincoln County, State of Oklahoma. Count I of Plaintiffs' Petition seeks a declaration under the Oklahoma Declaratory Judgment Act, Okla. Stat. tit. 12, § 1651. The request for declaratory relief arises from the Oklahoma Uniform Controlled Substances Act (OUCSA or Act). As set forth in the Petition:

> At issue is what statute applies when the State of Oklahoma (or other state agency) cuts, destroys, burns or eradicates marijuana. There are two (2) different statutes regarding this actual controversy that are conflicting and cannot be reconciled. They are both set forth in Title 63 of the Oklahoma Statutes Citation, specifically:

>    A.   Title 63 O.S. § 2-505(C); and
>
>    B.   Title 63 O.S. § 2-509(C)(1).
>
> The above two Statutes are irreconcilably conflicting as they both relate to the same subject, i.e., when a peace officer (or other state agency) cuts, destroys, burns or eradicates marijuana. One statute, **Title 63 O.S. § 2-505(C)** authorizes the immediate destruction of the marijuana plants and the second statute, **Title 63 O.S. § 2-509(C)(1)**, requires that prior to the destruction of the marijuana plants, the landowner must first be given notice (Due Process) and then a sequence of events must take place thereafter **prior** to the destruction of the marijuana plants.

Pet. [Doc. No. 1-1], ¶ 79 (emphasis in original). Plaintiffs further allege that "Oklahoma case law and Oklahoma statutory law directly addresses the controversy in question." *Id.*, ¶ 108. Additionally, Plaintiffs allege that because one statute "affords an individual or company due process and the other does not, the statute affording due process clearly controls as a fundamental constitutional right pursuant to the Fourteenth Amendment to the United States Constitution and pursuant to Article II, Section 11-2 and Article II, Section II-7 of the State of Oklahoma's Constitution. *Id.*, ¶ 114.

As relief, Plaintiffs request the Court to "enter judgment declaring that Title 63 O.S. § 2-509(C)(1) is the sole authority permitting a peace officer, or other state agency to cut, burn, destroy, or eradicate marijuana, award Plaintiffs their attorney fees and costs of the action, and for such further relief to which they may be justly entitled." *Id.* at 29. Plaintiffs further state: "to the extent that the OUCDSA permits summary forfeiture, it is unconstitutional pursuant to the Fourteenth Amendment to the United States Constitution and pursuant to Article II, Section 11-2 and Article II, Section II-7 of the State of Oklahoma's Constitution." *Id.*, ¶ 116.

Count II of Plaintiffs' Petition raises a state-law claim for replevin. The claim is brought pursuant to Okla. Stat. tit. 12, § 1580. *See* Pet., ¶¶ 118-129. As relief, Plaintiffs seek "judgment against the Defendant State of Oklahoma ex rel. Allan Grubb, District Attorney, in and for Lincoln County, District Attorney of District 23, State of Oklahoma, for Replevin, in excess of the sum of excess of the sum of 75,000, together with interest, attorney fees and costs, and for such other and further relief to which they may be justly entitled." *Id*. at 31.

The only federal law referenced in the Petition is contained in paragraphs 114 and 116. As set forth, these paragraphs reference the Fourteenth Amendment to the United States Constitution and allege that *to the extent that* Okla. Stat. tit. 63, § 2-505(C) permits summary forfeiture, it is unconstitutional under the Fourteenth Amendment to the United States Constitution. These same paragraphs also allege the statute is unconstitutional under Oklahoma's Constitution.

Defendant removed this action alleging subject matter jurisdiction under 28 U.S.C. § 1331. Defendant asserts that: "[a]n allegation that a state law is unconstitutional under the Fourteenth Amendment is a federal question which may be heard in federal court." *See* Def.'s Notice of Removal [Doc. No. 1], ¶ 5 (citing *Home Tel. & Tel. Co. v. City of Los Angeles*, 227 U.S. 278 (1913)). As the removing party, Defendant bears the burden of establishing the existence of federal subject-matter jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

In moving for remand, Plaintiffs contend no federal question is presented on the face of Plaintiffs' Petition. Instead, Plaintiffs argue that state law creates their causes of

3

action and that they are relying solely on "Oklahoma state law on statutory construction" in support of their claim for declaratory relief. Pls.' Mot. at 5. Defendant disputes this contention stating that "Plaintiffs are asserting the unconstitutionality of a state statute under the Federal Constitution." Def.'s Resp. at 12 (citing Pet., ¶ 116).

**II.     Discussion**

Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that the federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In cases where removal is based on federal question jurisdiction, removability is governed by the "well-pleaded complaint rule." Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

A case "arises under" federal law when a "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Federal-question jurisdiction over state-law claims is confined "to those that really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (cleaned up).

A substantial federal question "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* "But even when the state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto." *Id.* The federal issue qualifies for a federal forum "only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313–14.

Thus, to create "federal-question jurisdiction under the *Grable & Sons* test, a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1209 (10th Cir. 2012). As the Tenth Circuit has cautioned, "this branch of arising-under jurisdiction is a slim one." *Gilmore*, 694 F.3d at 1171. The "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door." *Grable,* 545 U.S. at 313.

Applying these principles, as an initial matter, the Court rejects Defendant's contention that the Petition raises a federal claim. As set forth, a review of the state-court Petition makes clear that Plaintiff's first cause of action arises under Oklahoma's Declaratory Judgment Act and Plaintiff's second cause of action arises under Oklahoma replevin law. Thus, the "law that creates the cause of action is state law," and "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state law claims, or that

one or the other claim is "really" one of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983).

Defendant wholly fails to address the issue of whether the Petition raises a substantial question of federal law. As set forth, the Petition includes only isolated references to the Fourteenth Amendment to the United States Constitution. Those references are set forth in virtually identical paragraphs. *See* Pet., at ¶¶ 112, 114, 116 (referencing that "to the extent the OUCDSA permits summary forfeiture, it is unconstitutional pursuant to the Fourteenth Amendment to the United States Constitution"). But these isolated references cannot be reasonably read as a raising a substantial federal question.

Plaintiffs' requested relief makes that clear. Plaintiffs do not seek any legal determination that they were denied due process in violation of federal law or request a declaration that the OUCDSA is unconstitutional under the Fourteenth Amendment. To the contrary, at most Plaintiffs raise the issue as an aid to proper statutory construction of allegedly conflicting state statutes. Moreover, any due process challenge to the OUCDSA is rendered moot if Okla. stat. tit. 63, § 2-509(C)(1) is declared to be the controlling statute. "The fact that relief is potentially available to [Plaintiffs] without the construction of, or reference to, federal law is fatal to "substantial question jurisdiction under *Grable*." *New Mexico, ex rel. Balderas v. Preferred Care, Inc.*, 158 F. Supp. 3d 1226, 1230 (D.N.M. 2015); *see also Garber v. City of Fairhope*, No. CV 20-0447-WS-M, 2020 WL 6269264, at *2–5 (S.D. Ala. Oct. 26, 2020) ("A bare mention of the words "Fourteenth Amendment" or "federal law" in a pleading, without more, does not necessarily mean that federal law

creates the cause of action asserted or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law, so as to satisfy the 'arising under' test for federal jurisdiction under § 1331").

The Court concludes that federal subject matter jurisdiction is lacking. The Petition does not allege a cause of action under federal law. Nor does the Petition allege any substantial, disputed question of federal law as a necessary element of one of the well-pleaded state-law claims.[1]

As a final matter, Plaintiffs request an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The Court denies this request as the Court finds Defendant's conduct in removing this action was not unreasonable. *See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding fees should turn on the reasonableness of the removal." (citation and internal quotation marks omitted)). Indeed, courts have recognized the elusive nature of the issues presented here, characterizing the presence of a federal issue in a state-created cause of action as a "litigation-provoking problem." *Baldonado v. El Paso Nat. Gas Co.*, No. CIV-08-0008 JC/LCS, 2008 WL 11322139, at *8 (D.N.M. May 7, 2008), *report and*

---

[1] Moreover, the Court finds that even if a substantial question of federal law were present, the exercise of such jurisdiction is "subject to veto." *Grable*, 545 U.S. at 313. Plaintiffs' state-law claims raise important issues of state law most properly addressed in a state forum. Plaintiffs' claims do not require the interpretation of any federal statute or regulation, the federal government does not have a strong interest in "the availability of a federal forum to vindicate its own administrative action" nor does the federal court have a greater familiarity with the applicable law than the state court. *Id.* at 313–15.

*recommendation adopted,* No. CIV 08-08 JC/LCS, 2008 WL 11322212 (D.N.M. June 4, 2008).

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand and Brief in Support [Doc. No. 9] is GRANTED. This action is remanded to the District Court of Lincoln County, State of Oklahoma. The Clerk of Court is directed to take all actions necessary to effect the remand.[2]

IT IS SO ORDERED this 26th day of September, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] Defendant has filed a Motion to Dismiss Plaintiffs' Replevin Count for Failure to State a Claim with Brief in Support [Doc. No. 3]. Based on the Court's lack of subject matter jurisdiction and the remand, the Motion to Dismiss should be resolved by the state court.